DOWNEY, Judge.
Appellant, Parthenon Insurance Company, seeks review of several non-final orders granting appellee, Oswaldo Benitez, M.D.’s motion for summary judgment as to insurance coverage and as to appellant’s right to contribution.
Jeffrey Burling was injured in an accident and taken to Lawnwood Medical Center for treatment. The emergency room physician, Dr. Chi Chiou Lin, treated Bur-ling and then called appellee, Dr. Benitez, for authority to admit Burling to the medical center. Under the by-laws, rules and regulations of the center, an emergency room physician cannot admit a patient to the center; only a staff doctor can do so. The center requires the private physicians on its staff to participate in an “on-call” roster kept at the emergency room. On the date of Burling’s accident, Benitez was on-call for the emergency room.
Upon being called, Benitez came to the center for the purpose of admitting Bur-ling. He also examined him and left written orders for his admission to the extensive care unit.
Dissatisfied with the care he received, Burling later successfully sued the center and both doctors for malpractice and was awarded a verdict of $10,000,000, which was later remitted to $6,300,000. When the suit was commenced, Benitez, who had no personal medical malpractice insurance, called upon Parthenon as the insurer of the medical center and its personnel for a defense and indemnification. Parthenon refused. *894 In due course Benitez filed this suit for declaratory relief, requesting the court to declare that “he was an insured under that policy and that Parthenon Insurance Company was obligated to pay and satisfy any judgment entered against him in the first action and to reimburse and indemnify him for legal fees and costs expended in the defense of Burling’s medical malpractice action against him.” Parthenon filed an answer and a counterclaim seeking contribution from Benitez for his share of the Bur-ling judgment, which Parthenon had been forced to pay. Benitez answered the counterclaim, alleging that contribution would not lie against him because he was an insured under Parthenon’s policy covering the medical center. Benitez then moved for partial summary judgment on the question of coverage and partial summary judgment on Parthenon’s counterclaim for contribution. The trial court granted both motions in separate orders, which have been consolidated on this appeal.
The primary question on this appeal is whether Benitez was an insured under the policy that Parthenon issued to the medical center.
In pertinent part the Parthenon policy provides:
“2. COVERAGES
The Company agrees, subject to the terms, exclusions and conditions of this Policy to indemnify the insured the “Ultimate Net Loss” which the insured may sustain by reason of the liability imposed upon the insured by law or assumed by the insured under contract.
A. Comprehensive Hospital Liability.
For damage arising out of injury or death of any person caused or alleged to have been caused by professional service rendered or which should have been rendered by the named insured.
* * * * * *
5. DEFINITIONS
A. “Named Insured” and “Insured”
“Named Insured” wherever used, includes any subsidiary company (including subsidiaries thereof) of the named insured and any other company coming under the named insured’s control of which it assumes active management. The unqualified word “insured” where-ever used, includes the named insured and also:

(c) any executive, officer, director, trustee, hospital administrator, or superintendent member or shareholder thereof while active within the scope of their duties as such, and also includes a member of a formal accreditation, peer review or similar professional board or committee, any employee, any student nurse and any student technician while under the instruction of the insured, druggists, barbers, beauty parlor operators, and any authorized volunteer worker in a nonprofessional capacity of the named insured while acting within the scope of their duties as such, subject to the following additional exclusions:
% s{e s}s % sfc
2. Coverage under this policy is extended to apply to Medical Doctors while acting within the scope of their duties involving operation of the Emergency Room Facilities for the Named Insured.
Benitez contends that he was an insured under the medical center’s policy because he was a medical doctor “acting within the scope of his duties involving operation of the emergency room” when he committed the alleged acts of malpractice. The trial judge agreed and granted summary judgment on that issue. However, the evidence adduced via discovery does not demonstrate conclusively that Benitez was an insured under the wording of the policy. On the contrary, we believe that question is a genuine issue of fact for the trier thereof. The contested issue is whether Benitez was performing duties involving the operation of the emergency room. The question as to which functions would involve a private physician on call for the emergency room in the operation of the emergency room requires a factual determination. While Ben-itez claims he was so involved, the center *895 claims that doctors performing his function have never been so considered. We think the issue should be tried.
The summary judgment for Benitez on the issue of contribution was granted because the trial court determined as a matter of law that Benitez was an insured and that an insurer cannot sue its insured for contribution. Since we must reverse the summary judgment on coverage, the summary judgment on the counterclaim for contribution must also be reversed.
Accordingly, the orders appealed from are reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
ANSTEAD and DELL, JJ., concur.